THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 119-015 |
| | ) | |
| THOMAS BRANDON CORBIN | ) | |
| AMBER KIMBERLY ROBINSON | ) | |

_____

**O R D E R**
_____

The parties having resolved several pretrial motions, the Court declares them **MOOT**. (Doc. nos. 10, 29-36.) The Court **DENIES** Defendants' motions for severance. (Doc. nos. 28, 37.) When multiple defendants are indicted, joined offenses must be reviewed initially under the standard set forth under Fed. R. Crim. P. 8(b). United States v. Souffrant, 517 F. App'x 803, 811 (11th Cir. 2013); United States v. Grassi, 616 F.2d 1295, 1302 (5th Cir. 1980).[1] Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b) is construed broadly in favor of the initial joinder of defendants. United States v. Arneth, 294 F. App'x 448, 451 (11th Cir. 2008) (citing United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990)). Furthermore, there is a "'well-settled principle that it is preferred that persons who are charged together should also be tried together . . . .'" United

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

States v. Green, 818 F.3d 1258, 1282 (11th Cir. 2016) (quoting United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990)). The Eleventh Circuit has construed the "same series of acts or transactions" language of Rule 8(b) to require the government to "demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." Arneth, 294 F. App'x at 451 (quoting United States v. Morales, 868 F.2d 1562, 1569 (11th Cir. 1989)).

Here, Defendants do not contest they were properly joined in the indictment as being involved in the same transaction. Indeed, the indictment charges Count Three—possession of clonazepam and marijuana—as a joint offense, and the remaining two counts of the indictment charge each Defendant individually with possession of a firearm by a prohibited person based on alleged conduct on the same date as the joint offense. (See doc. no. 1.) Thus, Defendants were properly joined in one indictment, and Defendants' argument for severance falls solely under Rule 14. (See doc. nos. 28, 37.)

Proper joinder under Rule 8 may nevertheless prejudice a defendant or the government. Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district court. United States v. Browne, 505 F.3d 1229, 1268-69 (citing Zafiro v. United States, 506 U.S. 534, 541 (1993)). The Court must order severance only where there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about

guilt or innocence. Id. at 539 (quoting United States v. Blankenship, 382 F.3d 1110, 1122 (11th Cir. 2004)).

However, even where prejudicial joinder is shown, Rule 14 does not mandate severance; it is within the trial court's discretion to determine the appropriate remedy. Id.; Zafiro, 506 U.S. at 538-39. Usually, a limiting instruction will suffice to cure any risk of prejudice. United States v. Mosquera, 886 F.3d 1032, 1041 (11th Cir. 2018) (citing United States v. Lopez, 649 F.3d 1222, 1235-36 (11th Cir. 2011); Zafiro, 506 U.S. at 539). Indeed, to receive relief under Rule 14, the defendant must show "specific and compelling prejudice." United States v. Oscar, 877 F.3d 1270, 1290 (11th Cir. 2017) (quoting United States v. Liss, 265 F.3d 1220, 1228 (11th Cir. 2001)). The courts have recognized that some degree of prejudice is inherent in every joint trial, but "only in the event such prejudice appears to be compelling does severance become warranted." United States v. Harris, 908 F.2d 728, 736 (11th Cir. 1990) (citing United States v. Roper, 874 F.2d 782, 789 (11th Cir. 1989)). The test for assessing compelling prejudice is

> "whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict."

United States v. Bowers, 811 F.3d 412, 422 (11th Cir. 2016) (quoting United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993)).

Moreover, a defendant bears a "heavy burden" to establish "actual, compelling prejudice" that cannot be alleviated by the trial court and prevents the defendant from having a fair trial. United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009) (citations

3

omitted).  The prejudice required to be demonstrated must be so specific and compelling that the denial of severance would subject a defendant to a fundamentally unfair trial.  United States v. Castronuovo, 649 F. App'x 904, 918 (11th Cir. 2016); United States v. Badolato, 701 F.2d 915, 923 (11th Cir. 1983).  Speculation or bare assertions of prejudice will not suffice.  Bowers, 811 F.3d at 424; Zafiro, 506 U.S. at 539-40.  Finally, a defendant is not entitled to severance simply because separate trials on his various offenses would provide a better chance of acquittal.  Id. at 540.

Defendants are not entitled to severance under Rule 14 because they do not demonstrate specific and compelling prejudice will result otherwise.  Defendants only argue "[r]equiring a joint trial would unfairly prejudice this defendant."  (Doc. nos. 28, 37.)  Such generalized arguments are not sufficient to warrant severance.  Green, 818 F.3d at 1282 ("[C]onclusory . . . testimony is not the kind of testimony that warrants severance."); Bowers, 811 F.3d at 424 (finding district court did not err by denying motion to sever where defendant could "only speculate about the possibility of prejudice"); United States v. Barsoum, 736 F.3d 1321, 1338 (11th Cir. 2014) (rejecting argument for severance based on speculation).

Accordingly, the Court **DENIES** Defendants' motions to sever.  (Doc. nos. 28, 37.)

SO ORDERED this 28th day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA